*John M. Porter, for appellant.*

*Lewis & Porter, for appellee.*

---

ELIJAH WATTS v. HENRY ROGERS, ET AL.

**Damages Recovered for Fright.**

    Where masked persons, having threatened injury to another, approach his residence in the night time, making a loud noise, such as was calculated to alarm such person and his family and keep them awake, and to produce in their minds a reasonable apprehension that something more than frightening of the family was intended, such person may recover damages for such trespass, and this is true whether the mob remains in the highway or enters upon his premises.

    APPEAL FROM FRANKLIN CIRCUIT COURT.

May 31, 1879.

OPINION BY JUDGE PRYOR:

The act of going masked was itself unlawful, and the appellant having received the threatening letter, with evidence conducing to show that it was in the handwriting of one of the appellees, or at least the direction upon it was calculated to alarm the appellant and his family, or if not to cause them to anticipate trouble. When the parties, after the reception of the letter, appeared in disguise, the danger was certainly impending, and the loud noise and constant riding at and near appellant's house until a late hour of the night not only kept his family from sleeping, but produced a reasonable apprehension that something more than the mere frightening of the family was intended. Now, can one threaten another, and with a view of carrying out his designs approach the house of the party threatened, in disguise, alarm and intimidate his family, and no remedy be given? We think not. If such facts appear, and the peace and quiet of a man and his family are disturbed by the appearance of the party who intends the wrong, it is as much a trespass as if he had entered on his premises. The claim for damages may not be so great, but one has no right to approach the house of another for the purpose of alarming him or his family, and when the act is done, say he is not liable because there was no actual entry on the premises. The extent of the injury the jury must determine, if the facts authorize such a finding.

There was enough in appellant's case to leave the question with the jury, and a nonsuit should not have been ordered, nor a verdict for the defendants. If they made their appearance in the highroad opposite the house of appellant in disguise for the purpose of frightening him or his family, and such was the effect of their actions, it was a trespass for which the appellees are liable in damages; or if they made their visits for the purpose of inflicting on the appellant personal chastisement, and the effect was to alarm and frighten him and his family, or either, it is a trespass to the person.

The judgment is therefore *reversed* and cause remanded for further proceedings.

*T. B. Ford, for appellant. Ira Julian, for appellees.*